UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARTINA MARTIN GARCIA,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No. 25-cv-10617-JST

**ORDER REQUESTING SUPPLEMENTAL BRIEFING RE: MOTION FOR PRELIMINARY INJUNCTION**

On December 12, 2025, the general duty judge granted a temporary restraining order requiring Respondents to release Petitioner Martina Martin Garcia from custody and ordering Respondents to show cause as to "why the petition should not be granted and/or a preliminary injunction should not issue regarding re-detention of Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker and from removing Petitioner from the United States." ECF No. 4 at 6. On December 17, 2025, this Court ordered that the temporary restraining order "shall remain in effect for an additional 14 days, until January, 2026 at 10:00 a.m., or pending further order of this Court." ECF No. 15 at 2. Respondents filed their response to the order to show cause on December 18, 2025, ECF No. 16, and Petitioner filed her reply on December 22, 2025, ECF No. 19.

The Court apologizes for its inadvertent delay in issuing a further order in this case.

Between the filing of Respondents' opposition and Petitioner's reply, another court in this district provisionally certified the following class and subclass:

> *Class*: All noncitizens in the jurisdiction of the San Francisco ICE Field Office who (1) entered or will enter the United States without inspection; (2) have been or will be charged with inadmissibility under 8 U.S.C. § 1182 and have been or will be released from DHS custody; and who (3) are in removal proceedings under 8 U.S.C.

§ 1229a, including any § 1229a proceedings that have been dismissed where the dismissal is not administratively final; and (4) are not subject to detention under 8 U.S.C. § 1226(c).

*Subclass*: All members of the Class whose release from DHS custody was or will be on bond, conditional parole, or their own recognizance under 8 U.S.C. § 1226(a) and/or 8 C.F.R. § 236.1(c)(8).

*Garro Pinchi v. Noem*, ___ F. Supp. 3d ___, No. 25-cv-05632-PCP, 2025 WL 3691938, at *12 (N.D. Cal. Dec. 19, 2025) (quotation mark omitted).  That court further stayed the Department of Homeland Security's re-detention policy within Immigrations and Customs Enforcement's San Francisco area of responsibility.  *Id.* at 34.

Petitioner's reply argues that she is a member of the *Garro Pinchi* class and subclass, and that the order in that case therefore "entitl[es] her to reap the benefit of a stay against her re-detention under § 1225(b)(2)."  ECF No. 19 at 4.  Respondents have not had an opportunity to respond to this argument.

Accordingly, the Court orders the parties to meet and confer and file a joint supplemental brief, on or before March 30, 2026, that addresses the following: (1) whether Respondents agree with Petitioner that she is a member of the *Garro Pinchi* class and subclass; (2) whether the *Garro Pinchi* order provides all the relief that Petitioner seeks in this case; (3) if so, whether the Court should stay consideration of Petitioner's motion for a preliminary injunction and her habeas petition as long as the *Garro Pinchi* stay order remains in effect; and (4) if not, what additional preliminary injunctive relief Petitioner seeks.

**IT IS SO ORDERED.**

Dated:  March 18, 2026

_____
JON S. TIGAR
United States District Judge