UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINA MARTIN GARCIA,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | Case No. 25-cv-10617-JST<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

The general duty judge granted Petitioner's motion for a temporary restraining order and ordered Respondents to show cause as to why a preliminary injunction should not issue. *Martin Garcia v. Albarran*, No. 3:25-cv-10617, 2025 WL 3558838, at * 1 (N.D. Cal. Dec. 12, 2025). This Court subsequently found good cause to extend the temporary restraining order, ECF No. 15, and ordered supplemental briefing on the impact of *Garro Pinchi v. Noem*, ___ F. Supp. 3d ___, No. 25-cv-05632-PCP, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025), on this case, ECF No. 20. The Court will now grant preliminary injunctive relief.

## I.   BACKGROUND

As summarized in the order granting a temporary restraining order:

> Petitioner is an asylum seeker who fled to the United States from Guatemala in April 2024. When Petitioner arrived in the United States, she was released on her own recognizance and was placed in INA section 240 (8 U.S.C. 1229a) removal proceedings. Since then, she has complied with her supervision conditions, including checking in regularly with ICE's Intensive Supervision Appearance Program ("ISAP"), and has never missed an in-person ISAP or ICE check-in. Petitioner has no criminal history and no prior entries into the United States. Petitioner received a removal order on June 24, 2025, and filed an appeal with the Board of Immigration Appeals ("BIA") that same day. Under 8 C.F.R. § 1003.6(a), the appeal stays Petitioner's removal until the BIA renders a final decision in

United States District Court
Northern District of California

her case. Because Petitioner's appeal is still awaiting adjudication and has no final set date for a decision, Petitioner is not subject to a final removal order.

On December 11, 2025, Petitioner was arrested while attending a scheduled Immigrations and Customs Enforcement ("ICE") check-in at 630 Sansome Street in San Francisco. Petitioner is currently being detained at 630 Sansome Street in San Francisco, California. Petitioner is now separated from her one-year-old, United States Citizen baby, her fourteen-year-old son, her ten-year-old daughter, and her five-year-old daughter. Moreover, it appears that the basis for the arrest may have been minor, technical violations that could have been the result of the government's own system failing or its failure to communicate properly with Petitioner.

*Martin Garcia*, 2025 WL 3558838, at *1 (citation modified).

Respondents released Petitioner on December 12, 2025, the same day the temporary restraining order was issued. ECF No. 9.

## II. LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* at 20. A court may "balance the elements" of this test, "so long as a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation modified).

## III. DISCUSSION

The parties agree that Petitioner is a member of the *Garro Pinchi* class and subclass, and that she therefore "cannot be redetained absent a material change in circumstances." ECF No. 21 at 2. They further agree that the *Garro Pinchi* order does not provide all the relief Petitioner seeks, and that Petitioner also:

United States District Court
Northern District of California

2

seeks to enjoin the Respondents from transferring the Petitioner outside this District or deporting the Petitioner pending these proceedings and to enjoin the Respondents from re-detaining the Petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that the Petitioner is a flight risk or danger to the community.

*Id.* (citation modified).

Petitioner's reply brief requests only a preliminary injunction to "enjoin Respondents from re-detaining her absent a pre-deprivation hearing before a neutral decisionmaker, where the government bears the burden of proving, by clear and convincing evidence, that changed circumstances render her a danger to the community or a flight risk." ECF No. 19 at 17. It does not request an injunction that prevents Respondents from transferring Petitioner outside this district or deporting her pending these proceedings. The Court therefore does not grant either form of relief.[1]

Regarding Petitioner's requested relief, Respondents cite the Court's decision in *Bautista Pico v. Noem*, No. 25-cv-08002-JST, 2025 WL 3295382, at *1 (N.D. Cal. Nov. 26, 2025), and "acknowledge that this Court's prior rulings concerning similar challenges to the government's practice and legal arguments in this case would control the result here if the Court adheres to its legal reasoning in those prior decisions." ECF No. 16 at 2. Respondents also cite several other district court cases that have reached a contrary conclusion, most of which pre-date the Court's decision in *Bautista Pico*. *See* ECF No. 4 at 4 & n.2. The Court is not persuaded by these non-binding authorities to alter the conclusions it reached in *Bautista Pico*. As in that case, the Court concludes here that: 8 U.S.C. § 1225(b) does not apply to Petitioner; due process requires a pre-deprivation hearing; Petitioner has shown at least serious questions going to the merits of her

---

[1] On the merits, the Court notes that the temporary restraining order did not grant Petitioner's request to bar transfer out of this district. *Martin Garcia*, 2025 WL 3558838, at *3 & n.1. In her reply, Petitioner makes a passing reference to barring transfer on grounds that doing so will allow her to retain access to counsel and medical services, ECF No. 19 at 16–17, but she neither sets forth any facts as to why transfer out of this district would prevent her from accessing legal counsel nor explains any special medical needs. She has therefore not persuaded the Court to expand the scope of the temporary restraining order by enjoining transfer out of this district. Nor has she presented any reason why the Court should enjoin Respondents from removing her from the United States.

United States District Court
Northern District of California

procedural and substantive due process claims; in the absence of an injunction, Petitioner is likely to suffer irreparable harm in the form of unconstitutional deprivation of liberty; the balance of equities tips sharply in Petitioner's favor; and the public interest favors an injunction. *Bautista Pico*, 2025 WL 3295382, at *2–3.

In *Bautista Pico*, the Court noted a split in authority regarding "whether the government must meet its burden by clear and convincing evidence or by a preponderance of the evidence." *Id.* at *3 (citations omitted). The Court did not resolve that split because the parties did not ask the Court to decide the appropriate burden of proof. In this case, Petitioner requests that the Court adopt the clear and convincing standard of proof, while Respondents' brief is silent on the question. Given the "high risk of the erroneous deprivation of physical liberty," the Court concludes that there is at least a serious question as to whether the clear and convincing standard applies, and it therefore adopts that standard in ordering preliminary injunctive relief. *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1092 (N.D. Cal. 2025).

Petitioner also argues that any pre-deprivation hearing should be conducted by this Court instead of by an immigration judge. However, she cites to no court that has ordered such relief and instead relies on law review articles suggesting that immigration judges "are susceptible to political pressure." ECF No. 19 at 14–15. This is not a sufficient basis for the Court to grant the relief Petitioner requests. The Court is not prepared, for example, to conclude that Petitioner cannot receive a fair hearing before an immigration judge.

Finally, the Court considers whether Petitioner should be required to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). As in *Bautista Pico*, "Respondents do not request the posting of any security and have no plausible argument that they will be harmed by a bond hearing requirement. Accordingly, the Court finds that no security is required here." *Bautista Pico*, 2025 WL 3295382, at *4 (citation modified).

## CONCLUSION

For the above reasons, the Court enters preliminary injunctive relief in favor of Petitioner. Respondents are enjoined from re-detaining Petitioner without notice and a pre-deprivation

4

hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention. This order shall remain in effect until further order of the Court.  No security is required.

The parties shall meet and confer and, within 14 days of the date of this order, propose a schedule for resolving the remainder of this case or a stipulation that the reasoning in this order warrants granting the petition and entering judgment.

**IT IS SO ORDERED.**

Dated:  April 1, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

5