UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTINA MARTIN GARCIA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 25-cv-10617-JST<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF No. 1 |

Petitioner Martina Martin Garcia is an asylum seeker who arrived in the United States from Guatemala in April 2024. She received a removal order on June 24, 2025, which she appealed to the Board of Immigration Appeals ("BIA"). She was arrested when attending a scheduled Immigrations and Customs Enforcement ("ICE") check-in on December 11, 2025.

Martin Garcia filed a petition for writ of habeas corpus the same day she was arrested. ECF No. 1. She filed a motion for temporary restraining order the following day, ECF No. 3, which the Court granted, ECF No. 4. She was released on December 12, 2025. ECF No. 9.

The Court subsequently entered a preliminary injunction. ECF No. 22. Respondents are currently "enjoined from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention." *Id.* at 4–5.

In their response to the petition, Respondents opted not to "repeat the same arguments already presented to the Court at earlier stages of the litigation" and requested leave "to address any area of concern in a supplemental filing" if the Court should "have any emergent doubts about its previous rulings in this case." ECF No. 25 at 2. The Court has no such doubts or areas of

United States District Court
Northern District of California

United States District Court
Northern District of California

concern. In addition to the authorities relied on in the Court's preliminary injunction order, the Ninth Circuit has now confirmed that the Court's interpretation of the law is correct. In *Rodriguez Vazquez v. Bostock*, ___ F.4th ___, 2026 WL 2196424, at \*26 (9th Cir. July 30, 2026), the court concluded that individuals like Petitioners, who have not yet been admitted to the United States but are "present in the interior of the country," are subject to 8 U.S.C. § 1226, and not 8 U.S.C. § 1225(b). Thus, Petitioners are "subject to mandatory detention if they commit qualifying criminal offenses, and they may be denied bond and held pending their removal proceedings if they pose flight risks or dangers to the community." *Id.* at \*3. The Court affirms the findings and conclusions in its preliminary injunctive relief order and now grants habeas relief to Petitioners.

The parties' briefing raises three remaining issues to be resolved. First, Martin Garcia repeats her request that any pre-deprivation hearing be conducted by this Court. However, she continues to "cite[] to no court that has ordered such relief," and "[t]he Court is not prepared . . . to conclude that Petitioner cannot receive a fair hearing before an immigration judge." ECF No. 22 at 4. Martin Garcia's request is again denied.

Second, the parties dispute who should bear the burden of proof at any pre-deprivation hearing. The Court again concludes that the government bears the burden by clear and convincing evidence. *See id.* Respondents suggest that Martin Garcia bears the burden under *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). However:

> *Rodriguez Diaz* addressed circumstances entirely different from those presented here, in which petitioners lack the procedural protections available following a denial of release under § 1226(a) and face a high risk of the erroneous deprivation of physical liberty. As a result, the constitutional principles announced in *Singh* [*v. Holder*, 638 F.3d 1196 (9th Cir. 2011)], not those considered in *Rodriguez Diaz*, apply here. Under that precedent, the government must establish a valid basis for petitioners' detention by clear and convincing evidence.

*Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1092 (N.D. Cal. 2025) (footnote omitted).

Third, Respondents request that "any ruling on this habeas petition must allow for re-detention upon a final order of removal." ECF No. 25 at 3. As Martin Garcia concedes, "[a] final removal order may constitute a materially changed circumstance warranting [her] re-detention." ECF No. 26 at 10; *see also* 8 U.S.C. § 1231(a)(2)(A); *Zadvydas v. Davis*, 533 U.S.

678, 701 (2001) (discussing limits on detention of individuals subject to final removal orders).

For the above reasons, the petition for writ of habeas corpus is granted. Respondents may not re-detain Martin Garcia without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes, by clear and convincing evidence, that re-detention is warranted because, based on changed circumstances, Martin Garcia poses a danger to the community or a flight risk that can be mitigated only by detention. This order does not prevent Respondents from executing a final order of removal, should one be entered against Martin Garcia.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 5, 2026

_____
JON S. TIGAR
United States District Judge